Louis T. Knight and another v. John Heinnes.

Where a party to a contract acknowledges his inability to comply with his obligation, it is unnecessary to put him regularly *in mora*. C. C. 2042.

Appeal from the Commercial Court of New-Orleans, *Watts*, J.
*Vason*, for the plaintiffs.
*McCarty* and *Haynes*, for the appellant.

Morphy, J. The petitioners seek to recover of the defendant $575, of which sum it is alleged that $410 were due to the steamboat Mazeppa, owned by them, and that the balance was

Knight and another v. Heinnes.

paid by L. T. Knight, as security of the defendant. They al-
lege that the latter, on the 26th of December, 1840, agreed to
pay this debt by the sale to them of a negro woman named
Winney ; that they have frequently demanded of the defendant
to make a title to the said slave, but that he has always failed
or neglected so to do, because he had himself no legal and un-
incumbered title, and because she was and is subject to redhi-
bitory vices, being a runaway and a thief, which had they
known, they would never have consented to take her in pay-
ment of their debt.   The defendant admits that he did agree to
sell the slave Winney, as set forth in the petition.   He avers
that, at the time of this agreement, the wench was in the plain-
tiffs' possession, and that he has always been willing and ready
to make a title to them, and has never been put in default so to
do.   But should the agreement be rescinded, he prays for judg-
ment in reconvention, for the sum of $350, being for fourteen
months services of said slave, from October, 1840, to December,
1841, at the rate of $25 per month.

There was a judgment below in favor of the plaintiffs, from
which the defendant has appealed, without making any effort
to obtain a new trial below.

The defendant offered no testimony in support of the defence
set up in his answer.   From that adduced by the petitioners, it
appears that he was called upon to execute a title to the slave,
according to his agreement, in June, 1841.   He was told that,
the boat being in want of money, the plaintiffs were anxious to
sell the said slave, as soon as they could get a title.   He answer-
ed that he had not yet got himself a title to her, and that the
gentleman of whom he had bought the slave, was out of town ;
that he was expected to return in a week or ten days ; and that,
.as soon as he got a title, he would execute a bill of sale to the
plaintiffs.   This answer he returned, or something to the same
effect, every time he was requested to give a title.   It is further
shown, that the slave ran away from the plaintiffs, shortly after
she was in their possession, and is in the parish jail of the pa-
rish of Jefferson, where she has been for a long time.   Under
this evidence, the plaintiffs were, we think, entitled to the relief
accorded to them by the court of the first instance.   The de-

fendant did not attempt to show, even at the time of the trial below, that he had acquired the title which he bound himself to execute to them. His acknowledged inability to comply with his contract, rendered it unnecessary for the plaintiffs to put him regularly in delay. Civil Code, art. 2042. *Garcia et al.* v. *Champomier et al.*, 8 La. 522.

*Judgment affirmed.*